1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH OVERTON, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>HAT WORLD, INC., a Minnesota corporation,<br><br>　　　　　　　Defendants. | CASE NO.: 2:11-CV-01645-LKK-KJN<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A SETTLEMENT CLASS AND SUBCLASS, APPROVING FORM OF NOTICE TO THE CLASS AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT**<br><br>**DATE:** April 23, 2012<br>**TIME:** 10:00 A.M.<br>**COURTROOM:** 4<br>**JUDGE:** Hon. Lawrence K. Karlton |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

1  On April 23, 2012, at 10:00 a.m., the Court, the Honorable Lawrence K. Karlton presiding, conducted a hearing regarding the motion brought by Plaintiff Beth Overton ("Class Representative") for Preliminary Approval of Class Action Settlement, Conditionally Certifying a Settlement Class, Approving Form of Notice to the Class, and Setting Hearing on Final Approval of Settlement. The parties appeared by and through their respective counsel of record.

After considering the papers and the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Joint Stipulation of Settlement and Release ("Settlement Agreement").

2. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below. Based on a review of the papers submitted, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, is recommended by Class Counsel, and is thus presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive., The Court thus hereby:

(a) Conditionally certifies solely for the purpose of implementing the Settlement Agreement the Class and Subclass defined the Settlement Agreement;

(b) Appoints Plaintiff Beth Overton as the representative of the Class and Subclass; and

   (c) Appoints Gaines & Gaines, APLC, Law Offices of Scott A. Miller, APC, and Steven L. Miller, APLC as attorneys for the Class and Subclass for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

  3. It is ordered that Class and Subclass in the Settlement Agreement are preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class or collective in this action should be certified in a non-settlement context. The Court's findings are solely for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Defendant, or in this litigation if the Settlement is not finally approved.

  4. A hearing (the "Final Fairness and Approval Hearing") shall be held on September 4, 2012, at 10:00 a.m. before the Honorable Lawrence K. Karlton, in Courtroom 4 of the United States District Court for the Eastern District of California, located at 501 "I" Street, Sacramento, California 95814. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiff's application for a service enhancement and general release payment, and Plaintiff's request for payment of expenses to the Claims Administrator. The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

  5. The Court approves, as to form and content, the Class Notice attached to the Settlement Agreement as Exhibit 1 and the Claim Form attached to the Settlement Agreement as Exhibit 2. The Court finds that distribution of the Class Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

1  Constitution of the United States, and any other applicable laws.  The Class Notice set forth
2  herein and in the Settlement Agreement provides a means of notice reasonably calculated to
3  apprise the Class Members of the pendency of the action and the proposed settlement, and
4  thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well
5  as due process under the United States Constitution and any other applicable law, and shall
6  constitute due and sufficient notice to all Class Members entitled thereto.

7  6.  The Court approves the selection of Rust Consulting, Inc. as the Claims
8  Administrator.  The Claims Administrator will administer the applicable provisions of the
9  Settlement Agreement, including, but not limited to, distributing and providing the Class Notice,
10 calculating claims against the Settlement Amount, preparing and issuing all disbursements of the
11 Settlement Amount to Qualified Claimants, and handling inquiries about the calculation of the
12 individual Settlement Amounts.

13 7.  No later than twenty-one (21) days after the date of this Order, Hat World shall
14 provide the Claims Administrator with the names, contact information, Social Security Numbers,
15 and dates of employment for members of the Class.

16 8.  No later than fourteen (14) days after receipt of the Class List, the Claims
17 Administrator shall mail the Class Notice to Class Members.

18 9.  To be valid, Class members must submit a fully completed and signed Claim Form
19 to the Claims Administrator, postmarked no later than forty-five (45) days after Class Notice is
20 initially mailed to Class Members.

21 10. Any person may request to be excluded from the Class by mailing a request for
22 exclusion by first class mail to the Claims Administrator as provided in the Class Notice.  Any
23 such request will be timely only if postmarked no later than forty-five (45) days after the Class
24 Notice is initially mailed to Class Members.

25 11. The Parties are ordered to carry out and proceed with the Settlement according to
26 the terms of the Settlement and this Order.

27 12. Class Counsel shall file a motion for final approval of settlement no later than
28 eighty-seven (87) days after the date of entry of this Order.  Any request by Class Counsel for an

1   award of attorneys' fees or reimbursement of expenses shall be filed concurrently, and that
2   request shall be accompanied by supporting evidence.

3       13.   Any Class Member who does not request exclusion from the Settlement may
4   object to the approval of the Settlement or the award of attorneys' fees and reimbursement of
5   expenses to Class Counsel.  Any such objection will be timely only if filed with the Court and
6   served upon Class Counsel, Defense Counsel, and the Claims Administrator, as provided in the
7   Class Notice, no later than ninety-four (94) days after the date of entry of this Order.

8       14.   Any Class Member who has filed and served such written objections may, but is
9   not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval
10  Hearing and object to the approval of the Settlement or the award of attorneys' fees and
11  reimbursement of expenses to Class Counsel.  No Class Member, or any other person, shall be
12  heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered
13  approving the same, or the award of attorneys' fees and reimbursement of expenses to Class
14  Counsel, unless that Class Member has filed and served written objections in the manner set forth
15  herein.  The Parties may file any response to the objections submitted by objecting Class
16  Members no later than the latter of (1) one hundred eight (108) days after the date of entry of this
17  Order, or (2) ten (10) days prior to the Final Fairness and Approval Hearing, whichever date is
18  later.

19      15.   Any Class Member who does not file and serve his or her objection(s) in the
20  manner so provided herein and in the Class Notice shall be deemed to have waived such
21  objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or
22  adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award
23  of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders
24  that are entered relating thereto, unless otherwise ordered by the Court.

25      16.   To the extent permitted by law, pending final determination as to whether the
26  Settlement contained in the Settlement Agreement should be approved, any pending actions
27  against the Defendant, that assert any claims which fall within the definition of the Class Member
28

1  Released Claims are stayed on an interim basis pending a final determination as to approval of the
2  Settlement.

3      17.   In the event the Settlement is not finally approved, or otherwise does not become
4  effective in accordance with the terms of the Settlement Agreement, this Order of Preliminary
5  Approval shall be rendered null and void and shall be vacated, and the Parties shall revert to their
6  respective positions as of before entering into the Settlement Agreement.

7      18.   The Court reserves the right to adjourn the date of the Final Fairness and Approval
8  Hearing and any adjournment thereof without further notice to the members of the Class, and
9  retains jurisdiction to consider all further applications arising out of or connected with the
10 settlement.  The Court may approve the settlement, with such modifications as may be agreed to
11 by the Parties to the settlement, if appropriate, without further notice to the Class.

13 **IT IS SO ORDERED.**

15 Dated:  April 24, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5

DB2/ 23026543.1   **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**